ESTATE OF JACOB SOLOMON, DECEASED.

[No. 3,881; decided July 22, 1886.]

**Will Contest—Burden of Proof.**—One who contests the probate of a will has the burden of proof to establish the ground of contest.

**Insane Delusion—Wrong Conclusions as Evidence.**—If any fact exists as a foundation for a testator's belief that a child borne by his wife is not his, he cannot be said to be the victim of an insane delusion, however mistaken he may be in his conclusion.

**Insane Delusion.—A Person may Act on Weak Testimony,** yet be under no delusion.

This was a contest filed to an application for the probate of a document, presented as the last will of Jacob Solomon, deceased. The will and a petition for the admission to probate were filed on January 6, 1885, by Lazarus Solomon, named in the instrument as executor. On the eleventh day of February, 1885, there was filed the written contest (as amended) of Jennie Asch, the person referred to by testator in the seventh clause of his will, hereinafter given.

Six grounds of contest were specified by contestant, but the only ground covered by the opinion of the court below is the "second" one, stated in the contest as follows: "That at the time of signing of the said alleged will, the said Jacob Solomon was laboring under and controlled by the insane delusion that this contestant was not the child of said deceased."

This ground of contest is aimed at the seventh clause of the will, which is in the following language: "I hereby declare that, prior to my coming to California, I was married to a woman named Hannah—whose other name I have forgotten; she was divorced from me by a decree of the Twelfth District Court of the State of California, on the 11th day of August, 1860; during our marriage a child was born of her; this child was not begotten by me, and was not my child; she is now living in this city; her present name is, I believe, Mrs. Jennie Von Stratton; I do not make in this my will, and do not intend to make, any provisions for said child."

The important fact in the case turned out to be the date of the marriage of the testator with the contestant's mother, as upon this hinged the testator's belief with respect to contestant's birth. The exact date of the marriage could not be shown, and it was capable of being fixed only by reference to certain events. The court found that the marriage took place at the time of the Jewish feast of "Hanucah," which was shown to have fallen during the Christian year 1854, in the tenth month of the Jewish calendar—the last half of the month of December, 1854, and the first half of the month of January, 1855. The birth of the child took place on the following first day of July, 1855, about six and one-half months after the marriage. It also appeared that about two months previous to the birth of contestant, the testator being away from home on business, had sent money to his wife, but that when he was informed afterwards of the date of the child's birth, he declared that the child was not his; that subsequently he came to California, his wife afterward following and obtaining here a divorce against him by default, the complaint for divorce fixing the date of marriage as "—— day of August, 1854," and alleging the birth and existence of the child.

Geo. Flournoy and J. B. Mhoon, for contestant.

R. C. Harrison (Jarboe & Harrison), for proponent.

COFFEY, J. The burden of proof is on contestant to establish ground of contest. After a re-examination of the evidence, I am of the opinion that the contestant's case is not supported by the preponderance of proof. Whether the statement of the testator was well or ill based, there was in the order of nature, according to the testimony in this contest, some reason for his belief. He knew when he was married; he knew when his daughter was born; hence he could have inferred the fact he alleges in the paper propounded. However much he might have been mistaken in the conclusion at which he arrived, if any fact existed as a foundation therefor, he was not the victim of insane delusion. A person may act upon weak testimony, yet be under no delusion (Myr. 15), and there does not appear to me to be sufficient evidence in support of the statement that Jacob and Han-

nah were married in "the latter part of November," 1854, and even then it would be a very close call for the child; the probable time, I am constrained to conclude, was near the feast of "Hanucah," which began about the middle of December, 1854, and lasted until January 1, 1855; this was in or about the month of "Tebet," the tenth month of the Jewish calendar, corresponding to the English calendar months of December-January—two weeks of each. If it be true, as I take it from the testimony, that Jacob and Hannah were united in marriage at that time, in December, 1854, the birth of a child July 1, 1855, was sufficient premise for the conclusion announced in the seventh clause of the will—the subject matter of this contest.

Let an order be drawn admitting the will to probate.

---

A Delusion Which will Destroy Testamentary Capacity must spring up spontaneously in the mind, without extrinsic evidence of any kind to support it. If it has any foundation in fact, if it has any evidence, however slight, as its basis, it is not an insane delusion. One cannot be said to be under such a delusion if his condition of mind results from a belief or inference, however irrational or unfounded, drawn from the facts which are shown to exist: Estate of Scott, 128 Cal. 57, 60 Pac. 527; In re Cline's Will, 24 Or. 175, 41 Am. St. Rep. 851, 33 Pac. 542; Skinner v. Lewis, 40 Or. 571, 67 Pac. 951.

False logic or faulty ratiocination is far from the manifestation of insanity, so long as the process is formally correct, not incoherent or inconsequential. Hence if a wife has evidence, however slight, on which to base a suspicion of her husband's unfaithfulness, and has no settled conviction on the subject, her suspicion does not amount to an insane delusion: Estate of Scott, post, p. 271. But where a man wills his entire estate to his children of a former marriage because he believes that his present wife is unfaithful and his children by her illegitimate, which belief has no evidence to support it, the will may be avoided as the product of an insane delusion: Johnson v. Johnson, 105 Md. 81, 121 Am. St. Rep. 570, 65 Atl. 918.